IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Harley David Crosby, )<br><br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>United States of America; Department of )<br>Veteran Affairs; Eric K. Shinseki, )<br>Secretary of Veteran Affairs; George J. )<br>Opfer, Inspector General of Veteran )<br>Affairs; Carolyn Adams, Director of Ralph )<br>H. Johnson VA Medical Center; Carl W. )<br>Hawkins, Jr., Director of VA Columbia )<br>Regional Office; James Ard, Columbia )<br>Regional Office Veterans Service Center )<br>Manager; all defendants are sued in their )<br>Corporate, legal, fiduciary, official and )<br>personal capacities, )<br>)<br>Defendants. )<br>_____ ) | No. 2:13-cv-96-RMG<br><br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Defendants' motion to dismiss or, alternatively, grant the motion in part with leave to amend. (Dkt. No. 22). For the reasons set forth below, the Court agrees with the recommendation of the Magistrate Judge that this case should be dismissed in part with leave to amend the Complaint.

## Background

Plaintiff, proceeding pro se, filed this action on January 8, 2013, alleging wrongful conduct by Defendants in connection with his pursuit of disability benefits and medical care with the Department of Veterans Affairs ("VA"). (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all

pretrial proceedings. On May 6, 2013, Defendants filed a motion to dismiss pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 16). Plaintiff then filed a response, (Dkt. No. 19), and Defendants filed a reply, (Dkt. No. 20). The Magistrate Judge then issued the present R&R. (Dkt. No. 22). Plaintiff then filed timely objections to the R&R. (Dkt. No. 25).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

The Magistrate Judge recommended dismissing this action because it plainly seeks judicial review of the administration of his claim for veterans' benefits. The district courts are barred from hearing such claims pursuant to the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 7251, et seq. Plaintiff makes two objections to this conclusion. First, he argues that the VJRA does not apply here because he does not have a final DRO Regional Agency opinion to appeal. Second, he asserts that this claim is not really about the administration of his claim for benefits, but about the VA's falsification of his medical documents.

Plaintiff's first objection is unavailing. As the Magistrate Judge noted, the VJRA provides the exclusive means for review of veterans' benefits claims. *See* 38 U.S.C. §§ 511,

7104, 7251, 7252(a). The VJRA "precludes [direct] judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits," and "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit." *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000). This regime does not create an exception as Plaintiff suggests where the Plaintiff has not yet received a final decision by a Decision Review Officer. Rather, the VJRA excludes the district courts from hearing any cases regarding benefits. When a veteran's "underlying . . . claim is an allegation that the VA unjustifiably denied him a veterans' benefit," "[t]he district court lack[s] jurisdiction." *Id.*

Plaintiff's second objection does take him beyond the VJRA's reach by alleging negligence or medical malpractice under the Federal Tort Claims Act ("FTCA") relating to the falsification of his medical records. *See Philippeaux v. United States*, No. 10-cv-6143(NRB), 2011 WL 4472064 (S.D.N.Y. Sept. 27, 2011) (discussing claim against VA for falsification of medical records); *Gaddis v. United States*, 7 F. Supp. 2d 709 (D.S.C. 1997). However, as noted by the Magistrate Judge, Plaintiff's current Complaint does not adequately state a claim under the FTCA. The Court therefore grants Plaintiff twenty days from the date this order is filed in which to file an Amended Complaint in order to state a claim under the FTCA.

## Conclusion

As set forth above, the Court agrees with the recommendation of the R&R, (Dkt. No. 22), that Defendants' motion to dismiss, (Dkt. No. 16), be granted in part. This Court lacks subject matter jurisdiction to review any claims regarding the denial of benefits by the VA. However, the Court grants Plaintiff twenty days from the filing of this order to amend his Complaint to state a claim under the FTCA for alleged negligence or medical malpractice.

3

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January ⏰ , 2014
Charleston, South Carolina