UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harley David Crosby, | ) C/A No. 2:13-0096-RMG-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| United States of America; | ) |
| ~~Department of Veterans Affairs~~; | ) |
| Eric K. Shinseki, *Secretary of Veteran Affairs*; | ) Report and Recommendation |
| George J. Opfer, *Inspector General of Veteran Affairs*; | ) |
| Carolyn Adams, *Director of Ralph H. Johnson VA Medical Center*; | ) |
| Carl W. Hawkins, Jr., *Director of VA Columbia Regional Office*; | ) |
| James Ard, *Columbia Regional Officer Veterans Service Center Manager*, all defendants are sued in their corporate, legal, fiduciary, official and personal capacities; | ) |
| Leanne Weldin, *Director Columbia, SC Regional VA Office, in her official and individual capacity*; | ) |
| Cynthia Indof, *DRO, in her individual capacity*; | ) |
| Dr. Robert C. Luecken, *in his individual capacity*; | ) |
| Richard A. Bade, *DRO-retired, in his individual capacity*; | ) |
| Claire Tiscornia, *in her individual capacity*; | ) |
| Shannon S. Glenn, *in his individual capacity*; | ) |
| Eric Hutto, *in his individual capacity*; | ) |
| Catherine C. Oconnor, *in her individual capacity*; | ) |
| John and Jane Does 1-10, *who are doctors and Nurses and medical employees not yet identified in their individual capacities*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02 DSC, pretrial proceedings in this action have been referred to the undersigned United States

Magistrate Judge. Plaintiff paid the full filing fee of three hundred fifty dollars ($350). *See* Receipt No. SCX200010078 (D.S.C. Jan. 8, 2013).

The above-captioned case is on remand from the District Court. On January 8, 2014, the Honorable Richard M. Gergel, United States District Judge, granted, in part, Defendants' motion to dismiss, dismissed the Veterans Administration as a defendant, and allowed Plaintiff to file an Amended Complaint to assert claims under the Federal Tort Claims Act:

> As set forth above, the Court agrees with the recommendation of the R&R, (Dkt. No. 22), that Defendants' motion to dismiss, (Dkt. No. 16), be granted in part. This Court lacks subject matter jurisdiction to review any claims regarding the denial of benefits by the VA. However, the Court grants Plaintiff twenty days from the filing of this order to amend his Complaint to state a claim under the FTCA for alleged negligence or medical malpractice.

(ECF No. 26 at 3).

On January 28, 2014, Plaintiff submitted an Amended Complaint adding nine defendants and a request for a jury trial (ECF No. 29), Answers to Rule 26.01 Interrogatories (ECF No. 31), a civil cover sheet (ECF No. 32), and summonses (ECF No. 33).

## The Amended Complaint

In the Amended Complaint (ECF No. 29), Plaintiff states that the above-captioned case "is an action for damages and redress for certain intentional, willful, malicious, illegal, and unconstitutional actions taken by VA employees while acting under color of their authority but acting unconstitutionally." (ECF No. 29 at 4). On page 6 of the Amended Complaint, however, Plaintiff states that he is *not* raising claims under the Federal Tort Claims Act:

2

> 6.    The Plaintiff has also **never** stated or alleged that the defendants' actions were "negligent" or "medical malpractice" as these actions are covered under the FTCA. The defendants' actions exclude coverage under the FTCA because their actions were intentional, willful, malicious, criminal, and violations of the Plaintiff's Constitutional rights.

(*Id*. at 6).

### *Discussion*

The Order of the District Court issued on January 8, 2014, dismissed Plaintiff's claims relating to veterans disability benefits but allowed Plaintiff "to amend his Complaint to state a claim under the FTCA for alleged negligence or medical malpractice." (ECF No. 26 at 3). The District Court's Order of January 8, 2014, thereby, constitutes the "law of the case" in this civil action. See *City of Charleston v. Hotels.com, LP*, 520 F. Supp. 2d 757, 774 (D.S.C. 2007) ("The law of the case doctrine holds that once a court has decided an issue, that same court should not revisit that issue and reverse its earlier decision."); *see also Arizona v. California*, 460 U.S. 605, 618 (1983) ("As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

The District Court's Order of January 8, 2014, allowed Plaintiff to submit an Amended Complaint to assert negligence and medical malpractice claims (ECF No. 26 at 3). Plaintiff, however, on page 6 of the Amended Complaint expressly states that he is not asserting claims under the Federal Tort Claims Act. As a result, Plaintiff has not complied with the District Court's Order allowing him to submit an Amended Complaint raising claims under the Federal Tort Claims Act. The District Court, in its Order of January 8, 2014, has already dismissed Plaintiff's claims relating to veterans disability benefits against the

3

original Defendants: "This Court lacks subject matter jurisdiction to review any claims regarding the denial of benefits by the VA. " (ECF No. 26 at 6). In the Amended Complaint, Plaintiff has added nine new defendants but asserts *Bivens*-type claims relating to the denial of veterans disability benefits.

A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006).

As Plaintiff has declined to submit an Amended Complaint raising claims under the Federal Tort Claims Act and the District Court has already ruled that this Court lacks subject matter jurisdiction to consider claims relating to the denial of Plaintiff's application for veterans disability benefits, Plaintiff's Amended Complaint should be dismissed under the "law of the case" doctrine. *City of Charleston v. Hotels.com, LP,* 520 F. Supp. 2d at 774.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

February 4, 2013                                   s/Bruce Howe Hendricks
Charleston, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).