IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Harley David Crosby, ) | |
| ) | No. 2:13-cv-96-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss this action without prejudice and without service of process. (Dkt. No. 36). As set forth below, the Court agrees this action must be dismissed without prejudice and without service of process.

## Background

Plaintiff, proceeding pro se, filed this action on January 8, 2013, alleging wrongful conduct by Defendants in connection with his pursuit of disability benefits and medical care with the Department of Veterans Affairs ("VA"). (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. On May 6, 2013, Defendants filed a motion to dismiss pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 16). Plaintiff then filed a response, (Dkt. No. 19), and Defendants filed a reply, (Dkt. No. 20). The Magistrate Judge then issued an R&R. (Dkt. No. 22). Plaintiff then filed timely objections to the R&R. (Dkt. No. 25). The Court then entered an order stating in part:

> [T]he Court agrees with the recommendation of the R&R, (Dkt. No. 22), that Defendants' motion to dismiss, (Dkt. No. 16), be granted in part. This Court lacks subject matter jurisdiction to review any claims regarding the denial of

1

> benefits by the VA. However, the Court grants Plaintiff twenty days from the filing of this order to amend his Complaint to state a claim under the FTCA [i.e. Federal Tort Claims Act] for alleged negligence or medical malpractice.

(Dkt. No. 26 at 3). Plaintiff then filed an Amended Complaint. (Dkt. No. 29). After review of the Amended Complaint, the Magistrate Judge issued the present R&R recommending dismissal of this action because Plaintiff stated directly that he did not intend to bring a claim under the FTCA and that this claim should therefore be dismissed under the law of the case doctrine. (Dkt. No. 36). Plaintiff then filed objections to the R&R. (Dkt. No. 39).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

As stated in the Court's prior order, and in the Magistrate Judge's R&R, Plaintiff's claim describes a conspiracy by employees of the Department of Veterans Affairs ("VA") to deny him disability benefits and medical care. Plaintiff attributes this conspiracy to his refusal to drop "racial issues" from his application for disability benefits. Plaintiff alleges the continued denial and delay of his application violates his constitutional rights. Further, Plaintiff asserts that his medical records were intentionally falsified in an effort to injure him and keep him from qualifying for benefits.

2

To a large extent, Plaintiff's claim is one alleging he was improperly denied benefits. As stated in the Court's prior order, this Court lacks jurisdiction over such claims pursuant to the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 7251, et seq. The VJRA provides the exclusive means for review of veterans' benefits claims. *See* 38 U.S.C. §§ 511, 7104, 7251, 7252(a). The VJRA "precludes [direct] judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits," and "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit." *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000). When a veteran's "underlying . . . claim is an allegation that the VA unjustifiably denied him a veterans' benefit," "[t]he district court lack[s] jurisdiction." *Id.* This is true even where a plaintiff alleges the denial is premised on improper retaliation. *See Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369-70 (8th Cir. 1992) (First Amendment retaliation). Thus, Plaintiff's claim that the VA is intentionally depriving him of benefits in retaliation for refusing to drop certain racial issues in his application is barred by the VJRA.

However, the Court continues to view Plaintiff's claim regarding the intentional falsification of his medical records in an effort to injure him as different in character than the retaliation claim described above. Indeed, the Court invited Plaintiff to amend his Complaint to add a claim under the FTCA to address these claims. Plaintiff, however, objects to this recommendation because the FTCA excludes intentional torts from its wavier of sovereign immunity and thus such a claim would be doomed to fail. (Dkt. No. 39 at 3-4). Generally speaking, Plaintiff is correct in his description of the FTCA. Pursuant to 28 U.S.C. § 2680(h), a person cannot bring a claim under the FTCA for intentional torts. However, this general rule is

3

altered by the VA immunity statute, 38 U.S.C. § 7316. *See Ingram v. Faruque*, 728 F.3d 1239, 1245-47 (10th Cir. 2013). Particularly, 38 U.S.C. § 7316(f) provides that:

> The exception provided in section 2680(h) of title 28 shall not apply to any claim arising out of a negligent or wrongful act or omission of any person described in subsection (a) in furnishing medical care or treatment (including medical care or treatment furnished in the course of a clinical study or investigation) while in the exercise of such person's duties in or for the Administration.

"In other words, § 2680(h) does not bar application of the FTCA to [intentional] tort claims arising out of the conduct of VA medical personnel . . . ." *Ingram*, 728 F.3d at 1246 (quoting *Franklin v. United States*, 992 F.2d 1492, 1502 (10th Cir. 1993)). Further, the remedy under the FTCA is the exclusive remedy, to the exclusion of any *Bivens* claim. *Id.* at 1246-48. Because Plaintiff's claims arise from the medical care he received at the VA, his claims must be brought under the FTCA. *Id.* at 1250 (discussing intentional torts within the context of providing medical care or treatment). However, Plaintiff has expressly rejected any claim under the FTCA, and therefore the Court agrees that this action must be dismissed.

## Conclusion

For the reasons set forth above, the Court agrees with the Magistrate Judge that the present case must be dismissed. This Court lacks subject matter jurisdiction to review any claims regarding the denial of benefits by the VA. Further, Plaintiff's claims arising from the provision of medical care by the VA must be brought under the FTCA. Therefore, the Court dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 6, 2014
Charleston, South Carolina